IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP GENE BATES PLAINTIFF

v. Civil No.: 6:19-CV-06009

SERGEANT LEVI JAMERSON (Garland County Sheriff's Office) DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on January 23, 2019. (ECF No. 1). He filed a Supplement on January 31, 2019. (ECF No. 6). He was granted *in forma pauperis* (IFP) status on February 6, 2019. (ECF No. 9). Plaintiff alleges that, while handcuffed, he was brutally assaulted by Defendant Jamerson and "fellow officers" [1] on September 1, 2016, and October 19, 2016. (ECF No. 1 at 4-7; 6). Plaintiff does not allege any physical injuries from the alleged assault. Instead

[1] Plaintiff names only Jamerson as a Defendant in this case.

he states he suffers from bipolar disorder and he was "mentally affected"[2] by the incident. (ECF No. 1 at 5). Plaintiff proceeds against Defendant Jamerson in his personal and official capacities. (*Id*. at 4-6). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Official Capacity Claims

Plaintiff failed to state any cognizable official capacity claims against Garland County. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals

[2] Plaintiff's actual statement was "I have been mently efeted." (ECF No. 1 at 5). The Court interprets this as a statement that he has been mentally affected by the assault.

discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Here, Plaintiff failed to identify any custom or policy of Garland County which violated his constitutional rights. He therefore failed to state any cognizable official capacity claims against Garland County.

**B. Personal Capacity Claims – Compensatory Damages**

Plaintiff does not allege any physical harm from the incident with Jamerson. Instead, he alleges only that he was "mentally affected." Plaintiff may therefore not seek compensatory damages for this claim. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Section 803(d) of the PLRA provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. A. § 1997e(e). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving*, 519 F.3d at 448.

The PLRA therefore limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th

Cir. 2004) (The physical injury requirement of the PLRA "limit[ed] recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages); *see also Pool v. Sebastian County*, 418 F.3d 934, 942 n.2 (8th Cir. 2005) (Section 1997e(e) presents an issue of damages under the PLRA).

Here, Plaintiff seeks compensatory and punitive damages for mental effects from the alleged assault by Jamerson but alleges no physical injury. Because he did not allege any physical injury, he may not seek compensatory damages for solely mental or emotional harm. Assuming he can show the existence of a constitutional violation, however, nominal and punitive damages are available under the PLRA even in the absence of a physical injury. *See Royal*, 375 F.3d at 723-24.

**IV. CONCLUSION**

Accordingly, I recommend that Plaintiff's official capacity claims and his personal capacity claim for compensatory damages be DISMISSED WITHOUT PREJUDICE. I further recommend that his personal capacity claim for nominal and punitive damages for the alleged assault by Jamerson remain for consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **11th day of April 2019**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE