IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP GENE BATES                                                                                                PLAINTIFF

v.                                            Civil No.: 6:19-CV-06009

SERGEANT LEVI JAMERSON                                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Jamerson's Motion for Summary Judgment.  (ECF No. 43).

### I.  BACKGROUND

Plaintiff filed his Complaint on January 23, 2019.  (ECF No. 1).  He filed a Supplement on January 31, 2019.  (ECF No. 6).  He was granted *in forma pauperis* (IFP) status on February 6, 2019.  (ECF No. 9).  Plaintiff alleges that, while handcuffed, he was brutally assaulted by Defendant Jamerson and "fellow officers" [1] on September 1, 2016, and October 19, 2016, in the Garland County Detention Center ("GCDC").  (ECF No. 1 at 4-7; 6).  Specifically, he alleges that Jamerson punched him and choke-slammed him to the floor, handcuffed him, then had other officers beat him.  (*Id*. at 4).  Plaintiff does not allege any physical injuries from the alleged assault.  Instead he states he suffers from bipolar disorder and he was "mentally affected"[2] by the incident.

---

[1] Plaintiff names only Jamerson as a Defendant in this case.
[2] Plaintiff's actual statement was "I have been mently efeted." (ECF No. 1 at 5).  The Court interprets this as a statement that he has been mentally affected by the assault.

1

(ECF No. 1 at 5). Plaintiff proceeds against Defendant Jamerson in his personal and official capacities. (*Id*. at 4-6). He seeks compensatory and punitive damages. (*Id*. at 7).

On April 11, 2019, the Court entered a preservice screening Report and Recommendation pursuant to the Prison Litigation Act ("PLRA"). (ECF No. 12). It was recommended that Plaintiff's official capacity claims and his personal capacity claim for compensatory damages be dismissed without prejudice. It was further recommended that his personal capacity claim for nominal and punitive damages for the alleged assault by Jamerson remain for consideration. (*Id*.). On May 10, 2019, the Honorable Robert T. Dawson adopted the Report and Recommendation. (ECF No. 14).

Defendant Jamerson filed his Motion for Summary Judgment on March 12, 2020. (ECF No. 43). Plaintiff filed his Response on March 20, 2020. (ECF No. 47).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is

insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendant Jamerson argues that summary judgment in his favor is appropriate because Plaintiff failed to exhaust his administrative remedies concerning any alleged excessive force incidents in GCDC. (ECF No. 44 at 2). Plaintiff argues he did not know what to do about the grievance. He further notes that he is a disabled individual with a fifth-grade education. (ECF No. 47).

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

It does not appear Plaintiff even filed a grievance regarding the incidents underlying the instant lawsuit. This is clearly a failure to exhaust the administrative remedies available.

In support of his Motion for Summary Judgment Defendant Jamerson submitted one grievance by Plaintiff concerning the alleged use of excessive force in GCDC, and argues Plaintiff did not appeal that grievance. *The grievance is dated April 21, 2016, which predates the alleged incidents in this Complaint, and describes a different alleged excessive force incident.* Even if the Court were to consider this as an attempt to exhaust, Plaintiff failed to do so. The Log number for the grievance is 16-04-092.[3] In it, Plaintiff states:

> I came in early evening & told the deputies that I was getting dizzy. They told me to sit down & shut my mouth. They did not call medical. When I ask again, I was grabbed by the throat & put in another room & was threatened with being beat up.

(ECF No. 44-1). The response by Corporal Halverson states he was unable to validate Plaintiff's claim via the jail video cameras. He noted that more specific details were needed for him to look into the matter more effectively. (*Id*.). The space on the form for an appeal is blank. (*Id*.).

Plaintiff does not allege he filed a grievance regarding the incidents underlying his claims here. Further, Plaintiff does not dispute that he filed the April 21, 2016, grievance about an alleged

---

[3] The Court takes judicial notice that Plaintiff filed a complaint against Defendant Jamerson in 2016, alleging that Jamerson grabbed him by the throat on April 18, 2016, and this same grievance was submitted by Defendant in that case. *Bates v. Jamerson*, Case No. 6:16-cv-06104. This prior case was closed on June 8, 2018, for Plaintiff's failure to comply with a Court Order and failure to prosecute the case.

4

excessive force incident in GCDC and does not dispute that he failed to appeal the initial response to that grievance. Nor does he allege that he filed any other grievances about the use of excessive force against him, that he was prevented from filing any other grievances, or that Defendants failed to follow their own grievance procedure. Instead, he argues he did not understand what to do about the grievance. Plaintiff's confusion about the GCDC grievance process does not excuse his failure to exhaust his administrative remedies. *See Lyon v. Vande Krole*, 305 F.3d 806, 809 (8th Cir. 2002*)* (a court is not permitted "to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'").

Based on the summary judgment record, there is no question of material fact and Defendant Jamerson is entitled to summary judgment as a matter of law.

### IV.  CONCLUSION

Accordingly, I recommend that Defendant Jamerson's Motion for Summary Judgment (EC No. 43) be GRANTED and Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 19th day of November 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE